**Electronically Filed
Intermediate Court of Appeals
30291
18-JUN-2012
08:50 AM**

NO. 30291

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROPATI J. TAUTUA, Claimant-Appellant,
v.
BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES,
Employer-Appellee, Self-Insured,
and
SEDGWICK CMS, Third-Party Administrator-Appellee.


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2005-503 (2-99-06569))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

In this workers' compensation case, Claimant-Appellant
Ropati Tautua (Tautua), *pro se*, appeals from the Decision and
Order (Decision) issued by the Labor and Industrial Relations
Appeals Board (Board) in Case No. AB 2005-503 (2-99-06569), filed
on August 18, 2009. In this Decision, the Board determined that:
(1) Tautua is not permanently totally disabled, either on a
medical or an odd-lot basis, as a result of the May 11, 1999 work
injury; (2) Tautua is entitled to an award of benefits for a 28%
permanent partial disability of the whole person for his low back
condition; and (3) Tautua is entitled to an award of benefits for
a 15% permanent partial disability of the whole person for his
psychiatric condition.

On appeal, Tautua appears to argue that: (1) the Board erred in striking evidence from the record because the evidence was not submitted in a timely manner; and (2) the Board erred in concluding that he is not permanently totally disabled.

Before addressing Tautua's points of error, we note that his opening brief does not conform with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) in a number of ways, including that it does not contain: a statement of the case or references to the record, in violation of HRAP Rule 28(b)(3); points of error, in violation of HRAP Rule 28(b)(4); or relevant parts of the authorities relied upon, in violation of HRAP Rule 28(b)(8). Moreover, Tautua does not include in the record on appeal the transcript of the Board hearing as provided in HRAP Rule 10. Therefore, this court is unable to address Tautua's arguments to the extent that they require a review of the hearing transcripts. See Lepere v. United Pub. Workers, Local 646, AFL-CIO, 77 Hawai'i 471, 474, 887 P.2d 1029, 1032 (1995). Although "such noncompliance offers sufficient grounds for the dismissal of the appeal[,]" it is the policy of Hawai'i appellate courts to afford "litigants the opportunity to have their cases heard on the merits, where possible[.]" See, e.g., Hous. Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999) (citation omitted). Accordingly, we will address Tautua's points of error to the extent that they can be discerned.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Tautua's appeal as follows:

(1) Tautua contends that certain evidence was improperly struck from the record by the Board. Although Tautua does not specify the evidence at issue, it appears from our review of the record that he is referring to attachments 1 and 2 to his Facts Statement that was filed with the Board on January 6, 2009.

The sole issue decided by the Board was the extent of permanent disability resulting from Tautua's May 11, 1999 work injury.  The Board initially set the deadline to submit medical reports for November 24, 2006 and then extended it to November 28, 2006.  At that time, the trial before the Board was scheduled for January 19, 2007.  Subsequently, by way of amended pretrial orders, the trial was twice re-scheduled but the deadline for submitting medical reports was not extended.  Trial was held before the Board on December 3, 2008.  In a post-trial submission,[1] Tautua attempted to introduce a February 8, 2008 medical certificate from Dr. Steven Kaneshiro (attachment 1) and a November 26, 2008 letter from Dr. Kaneshiro (attachment 2), both of which stated in summary fashion and without explanation that Tautua was permanently disabled.  After Employer objected to the submission of attachments 1 and 2, the Board struck these attachments by way of an order dated February 23, 2009.

According to Hawaiʻi Administrative Rules (HAR) § 12-47-41:

> §12-47-41 <u>Rules of evidence.</u>  The board shall not be bound by statutory and common law rules relating to the admission or rejection of evidence.  The board may exercise its own discretion in these matters, limited only by considerations of relevancy, materiality, and repetition, by the rules of privilege recognized by law, and with a view to securing a just, speedy, and inexpensive determination of the proceedings.

The Board possesses wide discretion in managing the evidence and the Board's evidentiary ruling should be upheld absent an abuse of discretion.  <u>See</u> <u>Athens v. Int'l Archaeological Research Inst., Inc.</u>, No. 29495, 2011 WL 5997078 (Haw. App. Nov. 30, 2011) (SDO); <u>Sugano v. State Dep't of Attorney Gen.</u>, No. 29246, 2010 WL 231100 (Haw. App. Jan. 22, 2010) (SDO).

---

[1]  It appears from the record that the parties were allowed to file post-trial submissions, but there is nothing in the record to suggest that they were allowed to submit evidence or medical reports as part of this submission.

According to HAR § 12-47-22(b)(3), the medical reports submission deadline is the date that all medical records or reports should have been filed with the Board. The Board clearly set this date for November 28, 2006 by an order amending the initial pretrial order, which thus controlled the course of the appeal. See HAR § 12-47-22(c).

Attachments 1 and 2 from Dr. Kaneshiro were dated in February and November of 2008, long after the deadline for submitting medical reports on November 28, 2006. The record indicates that Tautua was seeing Dr. Kaneshiro for his work injury since 1999. Tautua does not provide any explanation as to why he waited until long after the medical reports deadline elapsed to obtain and to provide these documents from Dr. Kaneshiro, nor does he argue that he was prevented from obtaining such medical documents in a timely manner. We therefore conclude that the Board did not abuse its discretion in ordering that the attachments be stricken from the record.[2]

(2) Tautua challenges the Board's determination that he is not permanently totally disabled. According to Hawaii Revised Statutes (HRS) § 386-1 (1993 Repl.), "[t]otal disability" is "disability of such an extent that the disabled employee has no reasonable prospect of finding regular employment of any kind in the normal labor market." The "permanency and totality of the disability shall be determined on the facts." HRS § 386-31(a) (1993 Repl.).

We review the Board's decision pursuant to HRS § 91-14(g) (1993 Repl.), which provides:

> (g) Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the

---

[2] We further note that, because attachments 1 and 2 from Dr. Kaneshiro provided no explanation or basis for his assessment as to permanent total disability, these documents shed minimal light on the issue before the Board.

administrative findings, conclusions, decisions, or orders
are:
(1) In violation of constitutional or statutory
provisions; or
(2) In excess of the statutory authority or
jurisdiction of the agency; or
(3) Made upon unlawful procedure; or
(4) Affected by other error of law; or
(5) Clearly erroneous in view of the reliable, probative,
and substantial evidence on the whole record; or
(6) Arbitrary, or capricious, or characterized by abuse of
discretion or clearly unwarranted exercise of
discretion.

With regard to the determination of whether a worker's
compensation claimant is permanently and totally disabled, "it is
the duty of the Board to make such a finding, and it should not
be overturned unless such determination was clearly erroneous in
light of the evidence on the whole record." Atchley v. Bank of
Hawai'i, 80 Hawai'i 239, 245, 909 P.2d 567, 573 (1996) (citation
omitted).

Moreover, in reviewing the Board's decision, we give
deference to the Board's assessment of the credibility of
witnesses and the weight the Board gives to the evidence. Moi v.
State Dep't of Pub. Safety, 118 Hawai'i 239, 242, 188 P.3d 753,
756 (App. 2008).

It is well established that courts decline to consider the
weight of the evidence to ascertain whether it weighs in
favor of the administrative findings, or to review the
agency's findings of fact by passing upon the credibility of
witnesses or conflicts in testimony, especially the findings
of an expert agency dealing with a specialized field.

Nakamura v. State, 98 Hawai'i 263, 268, 47 P.3d 730, 735 (2002)
(quoting Igawa v. Koa House Rest., 97 Hawai'i 402, 409-10, 38
P.3d 570, 577-78 (2001)).

In this case, the Board credited the medical reports of
Dr. Lorne Direnfeld, Dr. James Langworthy, Dr. Edward Chesne,
Dr. Byron Eliashof, Dr. Clifford Lau, Dr. Jack Scaff, and
Dr. Dana Zichittella as well as other credible evidence to find
that Tautua "does not have physical and/or psychiatric disability
of such an extent that he has no reasonable prospect of finding
regular work of any kind in the normal labor market" and that

"issues of motivation and anger hindered his participation in [vocational rehabilitation] and thwarted his return to work."

Tautua argues that he should have been deemed totally and permanently disabled based on the alleged statements or opinions of various health care providers that he sets forth in his opening brief. However, Tautua does not provide record citations for these alleged statements or opinions, nor does he challenge the Board's underlying findings of fact related to whether he sustained a permanent total disability. The Board's unchallenged findings are binding on this court. See Moi, 118 Hawaiʻi at 245, 188 P.3d at 759.

Based on the Board's findings and the evidence submitted, Tautua is capable of performing at least light duty or sedentary work. Dr. Direnfeld, Dr. Lau, and Dr. Langworthy all concluded that Tautua is qualified for work, at least at a sedentary or light duty capacity. Dr. Chesne opined that Tautua did not have any physical cardiac limitations precluding him from returning to work. Likewise, Dr. Scaff opined that from a cardiovascular standpoint, Tautua was not limited from returning to work. Dr. Zichittella opined that Tautua's psychiatric impairment, due 80% to a preexisting personality disorder, would not preclude him from gainful employment if his work injury claim could be settled. Dr. Eliashof opined that Tautua's psychiatric condition did not prevent him from returning to work and that the primary limiting factor was Tautua's hope for secondary gain and his frustration regarding his monetary award. Additionally, as set forth in the Board's Finding of Fact 27 in the Decision:

> While receiving vocational rehabilitation services, [Tautua] was virtually incorrigible by canceling multiple appointments despite counselling or otherwise failing to make progress toward planning his return to work or developing a functional plan. Ultimately, this caused the [Disability Compensation Division] vocational rehabilitation unit to close his case for want of movement toward job placement.

6

Moreover, Tautua does not provide any argument or basis to contend that he should have been deemed permanently and totally disabled on an "odd-lot" basis, and this issue is thus waived.  See HRAP Rule 28(b)(7).

Considering the record as a whole, the Board's determination that Tautua is not permanently and totally disabled as a result of his work injury is supported by reliable, probative, and substantial evidence, and thus, was not clearly erroneous.

Therefore, IT IS HEREBY ORDERED that the Board's Decision and Order issued on August 18, 2009 is affirmed.

DATED:  Honolulu, Hawai'i, June 18, 2012.

On the briefs:

Ropati J. Tautua
Claimant-Appellant Pro Se

Scott G. Leong
Shawn L.M. Benton
(Leong Kunihiro Leong & Lezy)
for Employer-Appellee, Self-Insured

Presiding Judge

Associate Judge

Associate Judge

7